The opinion of the court was delivered by
Bermudez, C. J.
A motion to dismiss this appeal is made on the •ground that the matter in dispute is less than $2000, and therefore that this court has no jurisdiction ratione materim.
The plaintiff avers himself a judgment creditor of A. C. Prejean for $1204, with interest, and brings this suit to cause to be annulled, ■as simulated or fraudulent, a transfer of property made by the latter to his brother, Anphos Prejean, of certain property, to be subjected to his claim.
The effect of a judgment in favor of a complaining creditor in a revocatory action is to annul the contract assailed in so far as its effects concern him. R. C. C. 1977.
The consequence of such judgment, where the contract annulled is a sale, is to subject the property to the satisfaction of the claim of "the creditor against the vendor.
Beyond this, the title of the vendee is not affected or impaired, ■ and it does not revert to the original vendor. Succession of Schultz, 39 An. 505.
It is settled that, where a creditor for an amount less than the lower limit of the jurisdiction of this court seeks to annul a transfer of property, even where it is made for more than said limit, the matter in dispute is the right of the creditor to subject the property to his claim, and consequently that this court has no jurisdiction. Loeb & Bloom vs. J. Arent, 33 An. 1085.
The doctrine has been affirmed in Fendler vs. Bates, 34 An. 595, and also in State ex rel. Zuberbier vs. Cole, Ib., 1215.
The petitioner in this case asks that the transfer charged against be annulled as simulated or fraudulent, and that the property be subjected to the payment of his judgment.
The jury before which the case was tried returned a verdict in *899 favor of plaintiff, and the court carried it out, decreeing that the sale attached be annulled, and that the property be applied to the payment of plaintiff’s judgment.
It is clear that this court has no jurisdiction in this case over the ■subject matter.
We think proper further to state that we find no order of appeal in this transcript. It may be that one was granted and copied into it, but the index, termed chronological, at the end of the transcript, not being made in alphabetical order, has not enabled us to discover it.
Under the rules of this court, clerks should attach to the transcript forwarded by them an alphabetical index, showing the char•acter of the proceedings and the nature of the documents and evidence adduced, with designation by name.
Had this been done, we might perhaps have found the motion or petition of appeal, if in the transcript, under the appropriate letter.
The absence of an order of appeal could be noticed proprio niotn and justify a dismissal.
It is therefore ordered that the appeal herein be dismissed with ■costs.